IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHYLLIS KENNEDY,

           Plaintiff,                    Case No. 3:08-cv-144

vs.                                         Judge Thomas M. Rose

MICHAEL J. ASTRUE,              Magistrate Judge Sharon L. Ovington
Commissioner of Social Security,

            Defendant.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #10) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #9) IN ITS ENTIRETY; REMANDING THIS CASE TO THE COMMISSIONER FOR FURTHER CONSIDERATION CONSISTENT WITH THIS ORDER AND WITH THE REPORT AND RECOMMENDATIONS AND TERMINATING THIS CASE**
_____

        Plaintiff Phyllis Kennedy ("Kennedy") initially filed an action in this Court seeking judicial review of a prior decision by the Commissioner regarding her disability. In March of 2007, this Court remanded the case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings.

        On remand and after receiving additional evidence, the Administrative Law Judge ("ALJ") held a second hearing. The ALJ later issued his second written decision denying Kennedy's Disability Insurance Benefits ("DIB") application on the ground that she was not under a disability. The ALJ's second decision became the Commissioner's final determination.

        The Commissioner's final determinations are subject to judicial review. Kennedy now

seeks judicial review of the Commissioner's second final determination that she was not disabled and thus not entitled to DIB benefits.

On July 15, 2009, United States Magistrate Judge Sharon L. Ovington filed a Report and Recommendations (doc. #9) recommending that the Commissioner's nondisability finding be vacated, that no finding be made as to whether Kennedy was disabled and that this matter again be remanded to the Commissioner for further consideration consistent with the Report and Recommendations. The Commissioner has filed Objections to this Report and Recommendations. (Doc. #9). The time has run and Kennedy has not filed a Response. Therefore, the Commissioner's Objections are ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #9) and in the Commissioner's Objections (doc. #10), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, remands the case to the Commissioner. Finally, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ has failed to apply the correct legal standard. WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #10) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #9) in its entirety. The Commissioner's latest decision that Kennedy was not disabled and therefore not entitled to Social Security benefits is VACATED and no finding is made as to whether Kennedy is

3

disabled. In addition, this case is REMANDED to the Commissioner for further consideration consistent with the Report and Recommendations and this Order.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Eighth Day of October, 2009.

.                                                                **s/Thomas M. Rose**
                                                                 _____
                                                                 JUDGE THOMAS M. ROSE
                                                                 UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record